UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **ALTPASS LLC,**<br><br>                            Plaintiff,<br><br>v.<br><br>**MICROSOFT CORPORATION,**<br><br>                            Defendant. | Case No.  6:21-cv-799<br><br>JURY TRIAL DEMANDED |

### COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Altpass LLC ("Plaintiff") accuses Microsoft Corporation ("Defendant" or "Microsoft"), of infringing U.S. Patent No, 7,350,078, U.S. Patent No. 7,725,725, and U.S. Patent No. 8,429,415 (collectively, the "Patents-in-Suit"), alleging as follows:

### PARTIES

1. Plaintiff is a Texas limited liability company, having a principal place of business at 106 E St., Suite 900, Austin, TX 78701.

2. Upon information and belief, Defendant Microsoft, is a corporation organized and existing under the laws of Washington that maintains an established place of business at 10900 Stonelake Blvd #225, Austin, TX 78759.

3. On information and belief, Microsoft regularly conducts and transacts business in the State of Texas, throughout the United States, and within this District, and as set forth below,

has committed and continues to commit, tortious acts of infringement within and outside the State of Texas and within this District.

## JURISDICTION AND VENUE

4. This is an action for infringement of the Patents-in-Suit arising under 35 §§ 271(a)-(b), 281, and 284 – 85. This Court has subject matter Jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

5. This Court has personal jurisdiction over Microsoft by virtue of its systematic and continuous contacts with this jurisdiction, as alleged herein, as well as because the injury to Plaintiff occurred in the State of Texas and the claim for relief possessed by Plaintiff against Microsoft for that injury arose in the State of Texas. On information and belief, Microsoft has purposely availed itself of the privileges of conducting business within the State of Texas, such business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products or services into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly transacting or soliciting business, engaging in other persistent courses of conduct, or deriving or attempting to derive substantial revenue and financial benefits from goods and services provided to individuals residing in the State of Texas and in this District. Thus, Microsoft is subject to this Court's specific and general personal jurisdiction under due process and the Texas Long Arm Statute.

6. Personal Jurisdiction also exists because Microsoft, directly or through subsidiaries or intermediaries (including customers, distributors, retailers, and others), subsidiaries, alter egos, and/or agents – ships, distributes, offers for sale, sells, imports,

advertises, or markets in the State of Texas and in this District, one or more products or services that infringe the Patents-in-Suit, as described particularly below. Microsoft has purposefully and voluntarily placed one or more of its infringing products or services, as described below, into the stream of commerce with the awareness and/or intent that these products or services will be purchased or used by consumers in this District. Microsoft has knowingly and purposefully shipped infringing products or services into and within this District through an established distribution channel. These infringing products or services have been and continue to be purchased and used by consumers in this District. In addition, on information and belief, Microsoft has found indirect way to monetize consumers' use of its products and services, for example, by promoting consumers' adherence to Microsoft's technological ecosystems and promoting sales of related Microsoft products and services and by selling opportunities to advertise to consumers of its products and services.

7. Plaintiff's claim for relief for patent infringement arises directly from the activities of Microsoft in this District.

8. On information and belief, Microsoft, directly and/or through its customers has transacted business in this District and has committed acts of patent infringement in this District. By virtue of its office in this District, Microsoft has a regular and established place of business in this District. Thus, venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

**U.S. PATENT NO. 7,350,078**

9. On March 25, 2008, United States Patent No. 7,350,078 (the "'078 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention

3

entitled "User Selection of Computer Login." A true and correct copy of the '078 patent is attached hereto as Exhibit A.

10. Gary Odom is the inventor of the '078 patent.

11. Plaintiff is the owner by assignment of the '078 patent with all rights in and to that patent.

12. Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

### U.S. PATENT NO. 7,725,725

13. On May 10, 2010, United States Patent No. 7,725,725 (the "'725 patent") was duly and legally issues by the United States Patent and Trademark Office for an invention entitled "User-Selectable Signatures." A true and correct copy of the '725 patent is attached hereto as Exhibit B.

14. Gary Odom is the inventor of the '725 patent.

15. Plaintiff is the owner by assignment of the '725 patent with all rights in and to that patent.

16. Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

### U.S. PATENT NO. 8,429,415

17. On April 23, 2013, United States Patent No. 8,429,415 (the "'415 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention

entitled "User-Selectable Signatures." A true and correct copy of the '415 patent is attached hereto as Exhibit C.

18. Gary Odom is the inventor of the '415 patent.

19. Plaintiff is the owner by assignment of the '415 patent with all rights in and to that patent.

20. Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiff has complied with such requirements.

## COUNT I

### Infringement of U.S. Patent No. 7,350,078

21. Plaintiff hereby realleges paragraphs 1 through 20 as though fully set forth herein.

22. Defendant directly and/or through intermediaries, makes, uses, offers to sell, or sells computing devices with user-selectable signatures which infringe the '078 Patent, shown in Exhibit A-1.

23. Upon information and belief, Defendant, its resellers, and end-user customers, have been and are now infringing at least claims 1 and 3 of the '078 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries using computing devices with user-selectable signatures, *i.e.,* the Microsoft Surface Go 2, Surface Pro X, Surface Laptop 5 15", and the Surface Book 3 15" (the "Accused Instrumentalities"), covered by at least claims 1 and 3 of the '078 Patent to the injury of Plaintiff. Defendant, its resellers, and end-user customers, are directly infringing, literally infringing, and/or infringing the '078 Patent under the doctrine of equivalents. Defendant is thus liable for direct infringement of the '078 Patent pursuant to 35 U.S.C. § 271(a).

24. For example, the use of the Microsoft Surface Go 2 by Defendant, its resellers, or end-user customers, directly infringe claim 1 of the '078 Patent and performs a method for creating a signature for subsequent authentication (*i.e.*, they create signatures in the form of a pin, a password, a gesture (the picture password option measures gestures), or a face unlock that are used for subsequent authentication) comprising: indicating to a user commencement of signature input recording (*i.e.*, they request user input to begin recording a signature); recording user input signals by type (*i.e.*, a pin, a password, a gesture, and a face unlock) from at least one user-selected device among a plurality of selectable user input devices (*i.e.*, a touch screen and a camera sensor that are built into the device), wherein a signal comprises a set of related software-recognizable data of the same type received from at least one input device (*i.e.*, the recorded data from the input signal is recognized as a type of data, such as face, pin, password, and gesture data), and wherein at least one user-selectable input device affords recording a plurality of signal types (*i.e.*, the touch screen (user-selectable input device) is used to record a password, gesture, or pin (a plurality of signal types)), and wherein a signal type comprises a category (*i.e.*, face input, pin input, gesture input, or password input), among a plurality of possible categories, of measurable variable input (variations of a pin, face, gesture, or a password) associated with at least one user-selectable input device (*i.e.*, the input such as unlock pin, face, password, or gesture contain measurable variations associated with the input device); terminating said recording; creating a signature based at least in part upon said recording; and storing said signature (*e.g.*, once the gesture signature is complete, the gesture signature data is stored). *See* Ex. A-1, Figs. 1-14.

25. Additionally, the use of the Microsoft Surface Go 2 by Defendant, its resellers, or end-user customers, directly infringe claim 3 of the '078 Patent by further comprising receiving

user selection of at least one signal type (*e.g.*, password or gesture) from a plurality of signal types (e.g., password, gesture, or pin) associated with at least one user input device (e.g., touch screen).

26. As a result of Defendant's infringement of the '078 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

## COUNT II

### INDUCED INFRINGEMENT OF U.S. PATENT NO. 7,350,078

27. Upon information and belief, Defendant is now inducing the infringement by its resellers and end-use customers of at least claims 1 and 3 of the '078 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, inducing its resellers and end-user customers to use the Accused Instrumentalities in its customary manner which, as shown above, infringe claims 1 and 3 of the '078 Patent to the injury of Plaintiff. Defendant's resellers and end-use customers are directly infringing, literally infringing, and/or infringing the '078 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '078 Patent pursuant to 35 U.S.C. § 271(b).

28. Defendant received actual notice of the '078 Patent at least as early as the date of the filing of this Complaint.

29. Defendant's affirmative act of providing instruction manuals, advertisement of the infringing features, and support for the Accused Instrumentalities induces Defendant's resellers and end users to use the Accused Instrumentalities in their normal and customary way to directly infringe claims 1 of the '078 Patent.

30. As of the filing of this complaint, Defendant's continued making, selling, and/or offering for sale the Accused Instrumentalities and providing instruction manuals, advertisement of the infringing features, and support for the Accused Instrumentalities demonstrates Defendant's specific intent that its resellers and end-users directly infringe claims 1 and 3 of the '078 Patent. Defendant is aware that such actions would induce actual infringement since at least the filing of this Complaint. Furthermore, Defendant remains aware that these normal and customary activities would infringe the '078 Patent.

31. For example, in connection with the sale and/or offering for sale of the Microsoft Surface Go 2, Defendant provides manuals and support to resellers and end-use customers regarding the use and operation of the Microsoft Surface Go 2. Specifically, Defendant provides manuals and support through its website https://support.microsoft.com/en-us/windows/windows-sign-in-options-and-account-protection-7b34d4cf-794f-f6bd-ddcc-e73cdf1a6fbf. When end-users follow such instructions and support, they directly infringe the '078 Patent. Defendant knows or should know that by providing such instructs and support, resellers and end-use customers follow these instructions and support and directly infringe the '078 Patent.

32. Accordingly, Defendant continues to perform acts that induce actual infringement, with the knowledge of the '078 Patent and with the knowledge or willful blindness to the fact that the induced acts would constitute infringement.

33. As a result of Defendant's infringement, either directly or through inducement, of the '078 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant and the use made by those Defendant induced to use the invention, together with interest and costs as fixed by the court.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,725,725

34. Defendant directly or through intermediaries, makes, uses, offers to sell, or sells devices that practice a computer-implemented process which infringe the '725 Patent, shown in Exhibit B-1.

35. Upon information and belief, Defendant has been and is now infringing claim 1 of the '725 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, using computing devices with user selectable signatures, *i.e.*, the Accused Instrumentalities, covered by one or more claims of the '725 Patent to the injury of Plaintiff. Defendant is directly infringing, literally infringing, and/or infringing the '725 Patent under the doctrine of equivalents. Defendant is thus liable for direct infringement of the '725 Patent pursuant to 35 U.S.C. § 271(a).

36. For example, the use of the Microsoft Surface Go 2 by Defendant, its resellers, or end-user customers, directly infringe Claim 1 of the '725 Patent and performs a computer implemented process comprising; commencing signature input recording (*i.e.*, it displays a menu that presents users with a choice of screen lock modes (signal types) to unlock the product); recording user input signals by type (*i.e.*, a pin, gesture, or password is recorded) from at least one user-selected device among a plurality of selectable user input devices connected to a single compute (*i.e.*, a touch screen and a camera sensor); wherein a signal comprises a set of related software-recognizable data of the same type received from at least one input device (*i.e.*, the recorded data is recognized as a type of data, such as a unlock picture password gesture, pin recognition, face unlock, or password data); wherein a signal type comprises a category (*i.e.*, password input, pin input, gesture input, or face data input) of measurable variable input

(variations of a pin, a password, a gesture, or face data) associated with at least one user-selectable input device (*i.e.*, the input such as pin, password, gesture, or face data containing measurable variations associated with the input device), and wherein at least one user-selectable input device affords recording a plurality of signal types (*i.e.*, the touch screen (user-selectable input device) is used to record a password, gesture, or pin (a plurality of signal types)); terminating said recording; storing at least a portion of said recording; creating a signature based at least in part upon at least a portion of said stored recording (*i.e.*, if the gesture signal type was selected, the device will create a signature using the data received from the touchscreen input device); and storing said signature *See* Ex. B-1, Figs. 1-3.

37. As a result of Defendant's infringement of the '725 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

## COUNT IV

## INDUCED INFRINGEMENT OF U.S. PATENT NO. 7,725,725

38. Upon information and belief, Defendant is now inducing the infringement by its resellers and end-use customers of claim 1 of the '725 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, inducing its resellers and end-user customers to use the Accused Instrumentalities in their customary manner which, as shown above, infringes claim 1 of the '725 Patent to the injury of Plaintiff. Defendant's resellers and end-use customers are directly infringing, literally infringing, and/or infringing the '725 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '725 Patent pursuant to 35 U.S.C. § 271(b).

39. Defendant received actual notice of the '725 Patent at least as early as the date of the filing of this Complaint.

40. Defendant's affirmative act of providing instruction manuals, advertisement of the infringing features, and support for the Accused Instrumentalities induces Defendant's resellers and end users to use the Accused Instrumentalities in their normal and customary way to directly infringe claim 1of the '725 Patent.

41. As of the filing of this complaint, Defendant's continued making, selling, and/or offering for sale the Accused Instrumentalities and providing instruction manuals, advertisement of the infringing features, and support for the Accused Instrumentalities demonstrates Defendant's specific intent that its resellers and end-users directly infringe claim 1 of the '725 Patent. Defendant is aware that such actions would induce actual infringement since at least the filing of this Complaint. Furthermore, Defendant remains aware that these normal and customary activities would infringe the '725 Patent.

42. For example, in connection with the sale and/or offering for sale of the Microsoft Surface Go 2, Defendant provides manuals and support to resellers and end-use customers regarding the use and operation of the Microsoft Surface Go 2. Specifically, Defendant provides manuals and support through its website, https://support.microsoft.com/en-us/windows/windows-sign-in-options-and-account-protection-7b34d4cf-794f-f6bd-ddcc-e73cdf1a6fbf. When end-users follow such instructions and support, they directly infringe the '725 Patent. Defendant knows or should know that by providing such instructs and support, resellers and end-use customers follow these instructions and support and directly infringe the '725 Patent.

43. Accordingly, Defendant continues to perform acts that induce actual infringement, with the knowledge of the '725 Patent and with the knowledge or willful blindness to the fact that the induced acts would constitute infringement.

44. As a result of Defendant's infringement, either directly or through inducement, of the '725 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's direct infringement from May 6, 2020 and for any continuing acts of direct or induced infringement from the date of filing of this complaint, but in no event less than a reasonable royalty for the use made of the invention by Defendant and the use made by those Defendant induced to use the invention, together with interest and costs as fixed by the court.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 8,429,415

45. Defendant directly or through intermediaries, makes, uses, offers to sell, or sells navigation devices and software which infringe the '415 Patent, shown in Exhibit C-1.

46. Upon information and belief, Defendant has been and is now infringing at least claims 1 and 4 of the '415 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, and/or offering for sale computing devices with user-selectable signatures, *i.e.*, the Accused Instrumentalities, covered by one or more claims of the '415 Patent to the injury of Plaintiff. Defendant is directly infringing, literally infringing, and/or infringing the '415 Patent under the doctrine of equivalents. Defendant is thus liable for direct infringement of the '415 Patent pursuant to 35 U.S.C. § 271(a).

47. For example, the Microsoft Surface Go 2 infringes claim 1 of the '415 Patent. The Microsoft Surface Go 2 is a computing device (*e.g.*, Microsoft Surface Go 2 with an Intel Pentium Gold processor 4435Y) which provides secured access (*i.e.,* through the unlock screen features such as pin, gesture, password as well as face unlock), the computing devices comprising: a program memory; a data storage memory (*i.e.*, internal and external memory); first and second input devices both of which are part of the computing device (*i.e.*, a touch screen and a camera sensor that are built into the device) and are selectable by a user via the computing device to allow the user to generate a reference signature that can be compared to a future submitted signature for authentication purposes to allow it to be determined whether access to the computing device should be granted based on the user selection (*i.e.*, a comparison is made between the stored signature data and the future signature data and access is granted or denied depending on whether the reference matches the future signature), wherein at least one of the first and second user selectable input devices is of a type of input device other than a keyboard (*i.e.*, these input devices are selectable through the lock screen menu when a user selects their desired security option. The camera sensor is not a keyboard.); a processor operatively interfaced with the program memory, the data storage memory, and the first and second user selectable input device (*e.g.*, Microsoft Surface Go 2 with an Intel Pentium Gold processor 4435Y, program memory, data storage memory, and first and second user selectable input devices built into the product); a first set of instructions stored in the program memory that, when executed by the processor, allow a user to select at least one signal type (*i.e.*, the Microsoft Surface Go 2 displays a menu that presents users with a choice of various modes (signal types) to unlock the product such as face unlock, pin, gesture, or password), among at least two different user selectable signal types, to be received and stored in the memory (*e.g.*, internal storage), the at least two different signal types

being associated with the first or second selectable input devices (*i.e.*, each selectable signal type is associated with either the touch screen or the camera sensor (selectable input devices)); a second set of instructions stored in the memory that are adapted to be executed after the first set of instructions has been executed, the second set of instructions, when executed by the processor, causing (a) input data of at least one signal type from the user selected one of the first and second input devices to be generated and then recorded in the data storage memory (*i.e.*, when prompted, a user generates input data for the selected signal type and the Microsoft Surface Go 2 records and stores the input data in data storage memory); (b) a reference signature to be created which comprises in part at least a portion of the input data recorded in the data storage memory (*i.e.*, Microsoft Surface Go 2 creates a signature using at least a portion of the input data previously recorded and stored. For example, if a user had input a picture password, the portion of the input data used to create the signature would be the gestures correlating to the pattern created), and (c) the reference signature to be stored in the data storage memory (*i.e.*, the stored signature is later used to authenticate a user during subsequent unlock attempts); and a third set of instructions stored in the program memory that are adapted to be executed after both the first and second sets of instructions have been executed, the third set of instructions, when executed by the processor, retrieving the reference signature from the data storage memory and comparing it to a subsequent signature submission signal to allow a determination to be made as to whether or not access to the computing device should be granted (*i.e.*, after a screen lock function has been set up, the Microsoft Surface Go 2 will prompt a user to input a signature to unlock the phone and not allow access to the device should the input signature not match the reference signature. For example, if the picture password function was used, the user must input the same data that has been

previously recorded to unlock the device. If the incorrect data is given, the phone will not unlock). *See* Ex. C-1, Figs. 1-16.

48. Additionally, the use of the Microsoft Surface Go 2 by Defendant, its resellers, or end-user customers, infringe claim 4 of the '415 Patent by further being comprised of a hand-held computing device.

49. As a result of Defendant's infringement of the '415 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter:

a. A judgment in favor of Plaintiff that Defendant has infringed and induced others to infringe the Patents-in-Suit;

b. a judgment and order requiring Defendant to pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the Patents-in-Suit as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

c. any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED August 3, 2021.                    Respectfully submitted,

By: */s/ Neal Massand*
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com


**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEY FOR PLAINTIFF ALTPASS LLC**